Welles v. Warden Good morning, Ms. Fanon. May it please the Court, Esha Anand, the Plaintiff Appellant, Jeremy Wells. Neither defendants nor the panel decision claim this Court's opinion in Rivera should be reaffirmed. Nor could they. The text of the Prison Litigation Reform Act lists three and only three grounds for qualifying strikes. Dismissals for failure to exhaust, not among them. The District Court, in this case, relying solely on the Rivera rule, imposed two of Mr. Wells' three strikes because it believed that failure to exhaust dismissals were strikes, full stop. That error alone is enough for a vacater. Defendants instead urge this Court to affirm the District Court's denial of informal on alternative grounds. To succeed, defendants must prove that both Wells v. Sterling and Wells v. Avery County are strikes, such that Mr. Wells has three qualifying strikes. Neither of these qualify. So let me start with Wells v. Sterling. And remember, if this Court concludes Sterling is not a strike, Mr. Wells has at most two strikes. Can I ask a broader question? It regards that. But if we agree with you, let's say I completely agree with you that Sterling is not a strike, and you're reading that summary judgment can't be a strike, is there? Let's say I completely agree. Do we need to reach the first question that we asked you, if that's the case? Can we just reverse on that basis and let the case go forward? I think you still need to reach the first question, which is the kind of Rivera rule. Why can we just say we assume it is, we don't need to decide it, but we know that summary So as the district court in the panel's opinion interpreted Rivera, I said any dismissal at any stage. And it's gone. And Rivera, this Court will do whatever it does there. But can we just say we assume without deciding that it can be under certain circumstances. We don't have to decide the contours of that. But this case doesn't bring it up because summary judgment so clearly is not a failure to state a claim. Certainly, Your Honor. You can say that a dismissal of summary judgment for failure to exhaust certainly does not qualify as a strike. And that means Mr. Wells only has two strikes. Seems like an easy case. I certainly agree, Your Honor. Maybe on more than one level. I mean, it seems to me that the three grounds for strikes that are delineated in the Prison Litigation Reform Act, malicious, frivolous, failure to state a claim, are all, one thing they share in common is they're all dismissals with prejudice. That's correct, Your Honor. And notwithstanding whatever we may have said in the past about all of this, a failure to exhaust is not a dismissal with prejudice, is it? That's right, Your Honor. As the Second Circuit notes, it would be passing strange for a case to be dismissed for failure to exhaust. The prisoner goes back and exhausts and may win his claim and still have a strike. And the dismissal here for failure to exhaust was without prejudice, right? That's correct, Your Honor. Excuse me. With regard to Chief Judge Pryor's question, what about the case of Lomax v. Ortiz management from the Supreme Court in 2020? And in that case, the Supreme Court said it doesn't matter whether the dismissal was with or without prejudice for purposes of the three strikes provision. That's correct, Your Honor. But recall in Lomax, we're talking about a failure to state a claim that goes to the merits of the case. Failure to exhaust, as this Court explained in Bryant v. Rich, is totally separate from the merits of the claim. So I don't think that Lomax rule governs. And in any event, failure to exhaust is not one of the three qualifying grounds. But what do we do with Jones, though? I mean, Jones seems to suggest that lots of things, let's take exhaustion out of it, that lots of things can be a failure to state a claim even though they don't go to the merits and aren't an element. I mean, they cite an example of statute of limitations, which we all agree is not an element that needs to be pled, and it doesn't go to the merits. And yet the Supreme Court will call it highly suggests that that dismissal can be a failure to state a claim. If that's the case, then why can't exhaustion fit directly within that? Your Honor, I don't think our position — bracketing Bryant v. Rich for just a moment — I don't think our position is that a failure to exhaust can never be a failure to state a claim. It's that the question under the statute is the ground on which the case was dismissed. So if a dismissing court says, you failed to state a claim because I can tell from the face of your complaint that you have not exhausted, we agree that whether the district court says that or cites Rule 8 or even says something like, face of the complaint, that we may be in a situation where that — I think I probably agree with you. It doesn't have to say, though, under our Dakar — I always forget how to pronounce that opinion — that it — you don't need to use the magic words, failure to state a claim. You agree with that? I agree with that. You've got to say something tangible. You can cite Twombly and Iqbal. You can cite Rule 8 or Rule 12-6. You can say something like, face of the complaint. But you've got to say something. Let me go a step further. So your opposing counsel suggests in brief that face of the complaint also includes under our law some other things, including those things which are judicially noticed, those things that are incorporated into a complaint. Those are two big categories. Do you agree that those things also would be under the rubric of face of the complaint? So, yes, as to the first. As to the second, I think yes, with a caveat. That is, we agree that anything that a plaintiff volunteers to incorporate into the complaint counts. And I think what we disagree with opposing counsel is if a district court puts a question, for instance, you know, let's say the district court had a hearing and asked the plaintiff about exhaustion. We don't think that that counts as part of the kind of face of the complaint. But if the complaint is on a form that asks the plaintiff to identify a failure of exhaustion. We think that is not meaningfully different. That is, that the question was put in writing rather than out loud at the hearing. It only changes the underlying issue of whether or not it counts as face of the complaint. Why should that matter, I guess? I mean, and I just, as a practical matter, when lawyers file complaints, like in the last case, it's often difficult to understand what they're saying. When pro se prisoners file complaints, it's impossible to understand what they're saying. Why, it just seems odd to state a rule that it's a different kind of dismissal if the district judge goes through a process of trying to figure out what the pro se plaintiff is saying and then says, oh, okay, if you're saying that, then you don't have a claim versus some other process. Why, as a practical matter, would that make any sense? So, Your Honor, I think that the district court is well within its rights to try to figure out what the pro se litigant is saying when it comes to pleading requirements, right? The issue here is when a district court puts a question to the plaintiff that we know from Jones v. Bach is not their burden. That is when the district court raises an affirmative defense that defendants haven't made and requires the plaintiff, before even getting their complaint served, to answer that. Counsel, if we all agree, though, that there is at least some narrow segment of cases where it could, on its face, establish exhaustion, and that a dismissal, whether with or without prejudice for exhaustion, that's clear that it's a dismissal under Rule 12, fits within that. And we also all agree that judicially noticed things and things that are incorporated are included on the face of the complaint. Do we even have to get to that later question? Because if Sterling is so clearly not a strike, we don't need to decide whether Avery County is a strike, and Avery County is the one that brings up that question. We don't have to resolve that question to rule in your client's favor, do we? That's correct, Your Honor. It sounds like we agree with a lot, right? In other words, at least on the first question. So I think that's right, Your Honor. So that is, if Sterling is not a strike, we've only got two strikes. He can proceed in formal conference. You know, I think it is worth this Court saying that at least the basis on which the district court said Avery County is a strike, namely any dismissal, failure to resolve doesn't matter, face of the complaint doesn't matter, that that's not the correct rule, in part because this Court has assembled en banc, in part because you've got counsel on both sides, which rarely happens in a prison case. But it's certainly the case that Your Honors don't have to then reach the further question of assuming those two rules that we all agree on, whether or not Avery County fits within that narrow pattern. There's no rule on these prisoner complaint forms that says if you don't fill out every part of the form, then your complaint is dismissed, right? I think that's correct. That is, most of these complaint forms don't have awardable judgment. I do think it would be difficult for a pro se litigant to know they're not required to make a federal judgment. I mean, that's fair, but at the same time, there's nothing like a Fifth Amendment protection against filling out forms truthfully in ways that negatively impact your interest, is there? Certainly not, Your Honor. Our position is not that this constitutes a constitutional violation. It's that when you're interpreting the phrase, failure to state a claim, you're looking at a very narrow category of information, and that category does not include answers to questions that a judge should not have been putting to a litigant in the first place. I guess I'm getting to the why, because to Judge Brasher's question, these forms are there so the court can understand what the claimant is actually saying. And so why can't the court ask a question on the form, and the litigant can answer it or not if they please, but once they answer the question, why can't the court take that into account? So, Your Honor, as a practical matter, just note that, for instance, the Middle District of Alabama or the Northern District of Florida, their form complaints ask a set of questions that go to pleading requirements. They ask for who are the defendants, what's your statement of the claim,  they don't ask about exhaustion, and presumably that's because exhaustion isn't a formative defense. Plaintiffs are entitled to be entirely silent on that question until defendants raise it and come forward with some evidence that they failed to exhaust. And so, you know, the Fifth Circuit has kind of explained, to allow district courts to include a question on the form complaint, and again, we're not protesting the rest of the form complaint that simply asks for the Rule 8 requirements, but to allow district courts to include a question about exhaustion on the form complaint would be to allow them, by a local rule, to sidestep the text of the Personal Indication Reform Act and the Supreme Court's opinion in Jones v. Bach, and that's simply not what district court forms are entitled to do. How does it help plaintiffs to, petitioners, to have their exhaustion claim decided later at summary judgment once the State realizes, rather than going ahead and letting them know what the problem is, perhaps so that they have a better chance of fixing it within whatever time limits their facility imposes? Your Honor, again, there's no objection to the plaintiff being warned about exhaustion. The Northern District of Florida form, for example, has a section explaining exhaustion and saying, therefore, please consider whether you have fully exhausted remedies before proceeding with this action. That is, we think it's fine to give a prisoner plaintiff information. The reason that the Supreme Court decided that exhaustion is an affirmative defense, though, is because affirmative defense is misleading for a formal state. Sometimes defendants don't raise the question. Sometimes it's difficult to ascertain. It's not a simple yes-no question. For instance, in the form that Mr. Wells filled out, the question asked whether there were available administrative remedies. Availability is a sort of term of art. There have been multiple Supreme Court cases explaining what availability is. It's a sort of complex concept that can't sort of readily be reduced. Sometimes what happens if there's a failure to exhaust administrative remedies and a dismissal without prejudice is that the plaintiff is actually able to go back and exhaust remedies. Isn't that right? And sometimes you can't do that. It's untimely. That was the problem here, as I understand it, right? That is exactly correct, Your Honor. But it's because that administrative process is no longer, for reasonable reasons, available. But in some instances, you could actually go back. That is exactly right, Your Honor. So, again, don't disagree that these form complaints can talk about exhaustion. What they can't do, as the Fifth Circuit has held and as the Second and Tenth Circuits have strongly insinuated, is put the burden of proving exhaustion at the pleading stage on the plaintiff. When the text of the statute in the Supreme Court said it's an affirmative defense, defendants have to raise it, defendants have to prove it. So you're okay with the fact that these forms exist because, in fact, they may help these plaintiffs. You're just suggesting we're not going to be able to consider it for strike purposes, the information. That's right, Your Honor. Aside from, again, the information that ruling already requires, right? So these forms can ask, what's the basis for your claim? What's the basis for jurisdiction? What relief are you seeking? What relief requirements? What they can't do is require that a prisoner plaintiff produce evidence at the point where the burden should be on the defendant. Your opponent complains. I just want to flesh this out about what Dacre requires in terms of the court suggesting or stating or indicating in some way that there was a dismissal for failure to state a claim. So what kind of, if we're not going to require magic words, what kind of statements would suffice? So, Your Honor, for instance, a court needn't say frivolous if it says without arguable basis in fact or law. It needn't say failure to state a claim if it cites 12b-6 or 12a or if it's presented in Trombley and Iqbal language and says, in a well-completed class, do not permit the court to affirmly opt in ways that a court can suggest that what it's doing is dismissing for failure to state a claim, but it can't just say dismissal for failure. All of which would be dismissals with prejudice, right? I mean, that might be the easiest thing to look at, wouldn't it? Certainly, Your Honor, although I do want to note that as Judge Pryor explained, Lomax said that a dismissal, something that is denoted a dismissal for failure to state a claim without prejudice would still be a strike. The question is whether it's on the merits, right? That's really what we're trying to get to, whether it's a dismissal on the merits. But, of course, a summary judgment would also get rid of a case on the merits, right? So it has to be, if the court referred to Rule 56 or the evidence in the case, then clearly that could not be a strike. Right. And just to be clear, in this Sterling case, no one argued it was a failure to state a claim at summary judgment. The district court didn't say anything about any of the rules that would suggest failure to state a claim. It just did a sort of classic summary judgment dismissal. It looks like declarations submitted. It says no dispute of material fact over exhaustion. Can I ask just one, just to sort of clean something up? Now, I think I'm a little confused because I was fully on board the Chief's question about with and without prejudice dismissals, but see Lomax. But now I'm curious about the on the merits criterion because the Supreme Court, I think, has told us that the — that on the merits is a notoriously slippery concept and not to be sort of trifled with. And I wonder if that's the real criterion. Does it fit anymore? Because bad faith, is that an on the merit? That doesn't run to the merits of the claim, does it? It just says, like, this person is abusing the process or whatever. I get it that frivolousness is on the merits in the lingo. Failure to state a claim is on the merits in the lingo. But I'm not sure about the bad faith dismissal. So, Your Honor, I took the two judges' question to be getting to the circumstance where, you know, there is a dismissal at — Prejudice. Yeah, see, I like that. I like with prejudice. I like with prejudice. That makes it a merits determination, doesn't it? In other words, so — and this is one of the things about the statute of limitations, too. When there's a dismissal with prejudice, you can't come back. It's treated as a merits determination, right? And if it's untimely under the statute of limitation, dismissal with prejudice, you can't come back. It's never going to become timely. Failure to exhaust, you might actually be able to come back. Isn't that right? So, that's certainly right, Your Honor. Again, sort of butt-see low-max. I guess I would say that I think the best rule is the one articulated by the statute, which is to say frivolous, malicious, or failure to state a claim. If you've got an edge case where you're not certain whether or not the district court is dismissing for failure to state a claim, to be candid, I can't really think of one. We all know the sort of terms that mean failure to state a claim. But if you've got that edge case, then I think with or without prejudice is a pretty good proxy for that. But, you know, I think that the statute sort of already lists out the three bases, and I don't know that there's a reason this court needs to come up with a rule to be a proxy for those three bases. The only problem — I actually agree with you on the face of the statute, but then I'm not sure what we do with Jones v. Bach, which says exhaustion that's plain from the face of the complaint is failure to state a claim. So, Your Honor, I think that there's a reason you don't want to reach that in this case, and then I can do it. The study that this court contains is Breyer v. Rich, which says that that was just dicta, and, in fact, in this case, there's a law for failure to state a claim. Do you know what the reason is? Because in neither case was there the sort of express statement, right? Neither Sterling nor Avery County contained some statement saying failure to state a claim or the equivalent, or even saying dismissal for failure to exhaust on the face of the complaint, which might be a closer question. What this court explained in Bryant, though, which postdates Jones and Zobar, concurrence by Judge Wilson sort of making that clear on this point, is dismissal for exhaustion simply isn't akin to a dismissal for failure to state a claim, regardless of what phase it happens at, because the matter is separable from the merits, because that's judicial management of a case, not substance of a claim, and because the kind of new action shall be broad language in the text of the PLRA, suggests that it's a precondition to sue. Okay. You've gone a fair amount over, and you're going to get some rebuttal time, so let's hear from General Petrain. Thank you, Your Honor. May it please the court, Stephen Petraini for the State Defendants. I want to clear up something at the beginning, which is we aren't defending Rivera's categorical rule that any time you fail to exhaust, that is always a strike. We're not defending that. But we do apparently disagree more, I think, with the plaintiff than I had realized previously. Exhaustion should just be treated without Rivera like any other sort of legal argument. And so as the Supreme Court said in Jones v. Buck, if it's apparent in the face of the complaint, or as we say the materials attached to the complaint, the normal failure to state a claim analysis, it's still going to be a failure to state a claim. And I want to strongly push back on the idea that dismissal with or without prejudice is relevant to this. What about summary judgment? So I think that summary judgment, you have to ask, well, why are you getting summary judgment? And numerous other courts have said, look, if it's on the basis of failure to state a claim, excuse me, that's still a dismissal for failure to state a claim even if it's at the summary judgment stage. But the statute refers to dismissal, right? Yes, that's true. And I think that if you look at the Fourth Circuit's decision in Blakely, it goes through how courts use the term dismiss at basically any kind of pretrial phase. So when Congress is using that phrase, we think it just means, you know, dismiss just means you're getting rid of this. And then here are the grounds. And like any other ground, why shouldn't we treat that language as having a particular legal meaning? Well, I think it does have a particular legal meaning. But I think the particular legal meaning, as we point out in our brief and as the Fourth Circuit points out, is essentially to get rid of this claim without a trial. I mean, that's generally what dismiss means. The Supreme Court, this Court, numerous courts use the phrase dismiss outside of just the 12 bills. I take your point. But we're on the face of the summary judgment order. The Court relies on evidence that's not what we all agree is within the face of the complaint, the allegations in the complaint, things that are incorporated in there, and judicial notice, but relies on, for example, affidavits that were submitted by a prison official. Isn't that clearly not a failure to state a claim, a dismissal for failure to state a claim? So I agree with that, Your Honor. Now, we do have an alternative argument with Sterling where we do push back against that and actually assert that really the only things that I got to tell you on the mixed dismissal, I don't know how you get around the word action. Just speaking for myself, it says dismissal of an action. I don't get how a partial dismissal can be that. Our position is that a partial dismissal is sufficient. It's that if the action is dismissed, and no one doubts that in Sterling the entire action was in fact dismissed, does the entire action have to have been dismissed on one of these enumerated grounds, or is it enough that only part of the action was dismissed on those grounds? And our view is that the plain reading of the text is that it doesn't say solely on the grounds or only on the grounds or anything like that. It just says, you know, was the action dismissed on frivolousness, maliciousness, failure to state a claim? And it was. It's a true statement to say that the Sterling action was dismissed on the grounds of failure to state a claim and other reasons. Say that it was dismissed because there was not a genuine issue of material fact with regard to failure to exhaust. Yes. Accepting that is true. It's a true statement. I don't see how it can meet the part of the statute. I'm just having trouble there. Remember, there were two different claims in Sterling, and so part of it was the failure to state a claim rationale and just assuming that the other part was not. I think that this just gets to the difference between solely on the grounds and on the grounds. And if I could point to another part of the PLRA that I think makes this apparent, Section 1915A, the screening provision, says that a district court can dismiss at screening a claim or the entire complaint if, and this is the important part, if the complaint is frivolous, malicious, or fails to state a claim. The exact same language. And it says, if the complaint. And so I think very clearly what it means there is it only has to be one of the things, one of the rationales, because otherwise you have an incoherent statement. You're saying, well, the district court can dismiss a claim if the entire complaint, you know, you seem to be breaking it up into two separate elements. Element one is the entire action is dismissed, and then element two is on a ground that of one of these three enumerated grounds. I just don't see how you can disaggregate it or bring it out into two separate elements. It seems to be one phrase together that the dismissal of the action is for these grounds and the action being the entirety of the case. I don't think, for ease of use, I think we just sort of describe it as both, you know, these two different things. Well, the action was dismissed and it was dismissed on these grounds. We're not trying to suggest that there's somehow two requirements or something like that. The one requirement is that the action be dismissed on one of these enumerated grounds. We're just saying don't import a new requirement that it be dismissed only on those enumerated grounds. And I think we have pretty strong. But it still has to be. I guess I agree with you if what the district court did was, let's say it's a one count, makes it easier, but if the one count was there's a failure to state a claim and there's also a jurisdictional defect there. I think there, there are two bases the district court gave, one of which dismissing the entire action was an enumerated basis. But where it's two counts, one count we did it, and another count of the complaint we did not, how can we say that the action was dismissed on that basis when at least half of it was not dismissed on one of those bases? Well, I think that, I think the question is when you're looking at why was this action dismissed and you look at the grounds for that, there might be more than one ground, but that doesn't mean that you're no longer relying on that ground. And I think a good example of this would be, you know, Congress has used this sort of language in, for instance, civil rights statutes. So in the Disabilities Act, Congress used the phrase, you know, craving discrimination on the basis of disability. And that's generally been understood to mean it doesn't have to be, you know, the only reason that you were discriminated against as long as it's kind of necessary for you. The problem is it seems like you say this is importing the word only, but yours would be importing so long as partially. So, Your Honor, I don't think we are because I think that normally when Congress uses a phrase like because or on the basis of or on the grounds of, the usual understanding of that term is that it doesn't have to be the sole justification for what was done. Again, counsel, I completely agree with that. So let's take the discrimination point. You could be fired because you're a horrible employee and because I don't like you because you're a specific race or ethnicity or one of the enumerated grounds. Here, the action could be dismissed for multiple reasons, one of which is one of the enumerated ones. But that doesn't seem to be what we have. What we have here is part of the action was dismissed on the enumerated ground and part of the action was not. And so how can we say that the action was dismissed on enumerated ground where part of it clearly was not? Again, assuming my reading is right about the order. But, Your Honor, to some extent, I don't want to just keep repeating what I've already said. I just think that it's a natural use of language and that Congress uses it quite often that there could be three different reasons, none of which sufficient on their own, and yet you wouldn't say it's not on the grounds of the first one just because there are a second and third reason as well. So to use this example, if you have two different reasons for an action being dismissed and you believe that, well, that means the action was not dismissed on the first one because you also needed the second one, it would mean that the action also wasn't dismissed on the second one because you needed the first one, which means that the action was the only way you could describe it was to say every single thing upon which you dismissed the action. And I don't think that that's the way we normally use language. In the discrimination context, though, doesn't the rule work this way, that if there were more than one reason, but you could prove, you the defendant could prove, that notwithstanding the improper motive, that he would have been dismissed anyway, terminated anyway, defendant wins? Yes, so obviously it depends. And that doesn't work for your scenario. No, I think that that fits with what we're trying to say, which is if there was no failure to state a claim, the action would not have been dismissed. That was absolutely a necessary ground for this action to be dismissed. But the part that we're concerned about that was summary judgment would have still been there. You know, those two things are operating totally independently, whereas in the discrimination context, you're only asking whether one event gives rise to liability or not. Yeah, well, the way that I would analogize it to this case is that the event is the dismissal of the action. I mean, the action at some point is dismissed, and you have to look at, okay, what are the reasons for that? But I don't want to get entirely away from a few of the points that I wanted to make on some of them. Can I go to the first one? I'd like to go to the first question. Yes, sure. Can I nail down what you believe the rule is? Because I think there actually is a lot of agreement on that, and I think that's sort of where you were trying to start off. I think we certainly agree with the plaintiffs that exhaustion should be essentially treated like any other legal argument. So much like statute of limitations or any other argument that is apparent from the face of the complaint or the attached documents or traditionally noticed facts, that can be a failure to state a claim. Let me interrupt you. That was what I wanted to ask you from the time you mentioned your view of the breadth of failure to state a claim. So a prisoner has a claim arising out of his detention, let's say in a facility in Miami-Dade County in Florida. When he files, he's been transferred to another facility. He's now in the panhandle. But the people he's suing are in Dade County, but he files when he's in the panhandle. District court dismisses sua sponte for improper venue. Failure to state a claim? Well, if the district court says I'm dismissing because this is improper venue, then no, I wouldn't say that that's failure. How is that any different than saying I'm dismissing for failure to exhaust administrative remedies? Well, it depends why you're dismissing. He's dismissing because the district judge is dismissing because he doesn't see or she doesn't see anything on the face of the complaint that shows that administrative remedies were exhausted. Same thing as with the venue case. Sees that the defendant is located in Miami-Dade County. Under the venue rules, suit should have been brought in Miami-Dade County where the cause of action arose. Case is filed in the panhandle, dismissed sua sponte for improper venue. What's the difference between those two scenarios? There are two points I want to make on this, Your Honor. I think that the district court dismisses a complaint because it doesn't see anything in the complaint that pleads exhaustion and says I'm dismissing for failure to state a claim because you didn't plead exhaustion. That's wrong under Jones v. Davis. But that shouldn't matter. It shouldn't matter whether it's a strike or not. If it's wrong doesn't mean it's not a strike. If it says I am in fact dismissing for failure to state a claim, it's not appealed for whatever reason. I know, but I'm not. You're putting words in the hypothetical. The district court in my hypothetical did not say I'm dismissing for failure to state a claim. The district court said I'm dismissing for improper venue. Yes, that's the whole hypothetical. The prisoner filed in the panhandle when he should have filed in South Florida. District court says dismissing without prejudice, improper venue. Strike or no strike? No, so I don't think it would be there because I don't think venue goes to the claim. I don't think that they would rule on that. From my perspective, I think that's the right answer. No, wait, wait, wait. I got one more. District court sees complaint, same complaint, but this time says, you know, in addition to improper venue, I don't see anything showing that this prisoner exhausted administrative remedies. Dismiss without prejudice for lack of exhaustion. Strike or no strike? So this is one of the things I wanted to talk about. That is, without prejudice is irrelevant. It's still a strike. Great. Why is it a strike? What category does it fit under? If, as the Chief Judge explained correctly, I think, there are some areas where you could go back and exhaust your remedies. This is true, Your Honor. And the Lomax court specifically looked at this question and has a footnote about this question. And the Lomax court said dismissal without prejudice is still a strike. And then there's a footnote that says, now, if you dismiss without prejudice and give them leave to amend, and they amend their complaint and the action goes forward, that wouldn't be a strike. But every dismissal without prejudice is necessarily a dismissal with leave to amend. Well, that's not. So, Your Honor, that's not necessarily the case. At least a leave to refile. I mean, if you go back and exhaust, then you can refile. That's what the consequence of without prejudice is, right? Well, what the Supreme Court said in Lomax is, yes, sometimes that might happen. Sometimes you might have your complaint dismissed without prejudice. You go, you fix whatever the problem was, you come back and you file a new action, and it's still a strike. That's what the Supreme Court said. But that's because the dismissal, the initial dismissal, was on the merits. Well, no, Your Honor. And these two hypotheses. I didn't make that particular distinction. I mean, it was. Then how do you make sense of the statutory language? Like, what is or is not within the statute? Because you — that doesn't make any sense to me, because in the same way Judge Newsom was talking in the prior case about the squishiness of substantive due process, if you're saying that this provision can be interpreted to encompass all sorts of things which don't fall under any one of the three categories, then what are we really applying? I'm not saying that at all, Your Honor. But what I'm saying is that what Lomax said is — it's actually — the statute is very clear on this point. It says dismissed. It doesn't say dismissed with prejudice. Forget about prejudice. Dismissal for lack of personal jurisdiction, sua sponte, without prejudice. That's the only ground on which it is dismissed. It is not a strike. It's not a strike. Because it's not one of the three enumerated grounds. Then the same thing falls for failure to exhaust. It's not one of the three grounds. End of story. But the failure to exhaust isn't, like, a separate procedural rule. Failure — Sure it is. It's under 12b-2. I mean, you have — you know, 12b-1 is jurisdiction, 12b-2 is — If the court says I'm dismissing for failure to state a claim because you have affirmatively alleged in your complaint you didn't exhaust your — But isn't failure to state a claim — isn't that really suggesting that you have to state a claim, i.e., you have to meet the elements of a claim? And failure to exhaust is not an element of a claim. It's an affirmative defense. Is that not correct? That's true, Your Honor. But every court that has looked at this, including, again, the Supreme Court, admittedly in dicta but pretty strongly in Jones, has said if there is an affirmative defense that appears from the face of the complaint, we can look at that and consider that part of the — But aren't they really talking about, like, the statute of limitations, the affirmative defense that knocks you out completely? I'm sorry. I'm not sure I understand the question, Your Honor. So, I mean, there are some affirmative defenses. The statute of limitations is affirmative defense, right? It can be waived. Yes. But if it's raised and if it's meritorious, you can't come back. Yeah, that's true, Your Honor, generally. I mean, generally speaking, there might be some sort of facts there. That's not true of failure to exhaust necessarily. No, it's not, but I think, again, Lomax answered the question of whether prejudice is the point. I mean, prejudice is not the point. You can be dismissed without prejudice and still have a strike. But if I could just, in what little time I have left, again, you know, we think that there's a lot of agreement between us and the plaintiffs. But one thing where we really strongly disagree is on Avery County. And if Avery County is not a strike, then the plaintiff is doing exactly what he said he's not doing, which is requiring some sort of magical words requirement. Because in Avery County, the only thing the court could look at was the complaint. It did it at the screening phase, which under 1915A, the only thing you're allowed to dismiss for is frivolousness, maliciousness, failure to state a claim, and then suing someone who's immune to money damages. But that was clearly not at issue. The court says that it's screening. The court says it's basing this all on the complaint. Again, it's the only thing that was in front of it. And then at the end, it says dismissed. And apparently, in plaintiffs' view, the problem was it didn't say dismissed for failure to state a claim. But that's where we really disagree. And I think it's very important that that not be the rule. When something is as clear as Avery County is, that this was dismissed for failure to state a claim, you look at what happened. You don't look at, well, did they remember to put the magic words at the end? Well, in our Ross case, there are two parts to failure to exhaust. One is that you didn't follow the procedures. But the second is, are there available administrative remedies? So if the plaintiff simply says, I didn't file a grievance, is that enough for failure to state a claim? So, Your Honor, it might not be. But that is not the question for the strike analysis. It might be. And counsel on the other side spent a long time actually arguing that this whole procedure was bad because the formal complaint shouldn't have asked this. The court shouldn't have relied on this. Now, we have a little bit of a disagreement there. We think the formal complaint here is perfectly reasonable. But just take all of that as a given. Take that the court shouldn't have done this. It shouldn't have gotten the formal complaint in front of the plaintiff. And maybe it shouldn't have dismissed for failure to state a claim at this point. I mean, maybe it was an error. It's still what it did. It's really the only thing it could do at that point. And so it can't simply come down to at the end of the day, well, did the court put those words for failure to state a claim at the end? And so I think that that's a principle that we care about. We obviously do disagree on mixed dismissals. I don't want to, you know, sort of retread that ground. Let me ask you another question related to my question. In the Ball case, the Third Circuit said the district court had to expressly and correctly indicate that it was dismissing for failure to state a claim. Now, I agree with you that correct doesn't mean in that sense, it doesn't mean was it right. But it has to be — it has to follow the principles for failure to state a claim. Do you agree with that? Is that a correct standard to say it must expressly and correctly? So, I don't think I do, Your Honor. And I think, like, the D.C. Circuit and several other circuits have gone into some detail on this. The statute asks what the court did, not whether it did it the way it was supposed to have done it. And I think that here, no matter what you think the court should have done in England County, there's no way of reading this order except as I'm dismissing — Okay. Let me ask you one more question about that. What if the court said, I'm dismissing for failure to state a claim because the evidence shows that he didn't file a grievance? Yeah, so I think that is the absolute toughest case, Your Honor. But I would still say that is a dismissal for failure to state a claim and just a really, really egregiously wrong one that should be appealed. And if for whatever reason the prisoner does not appeal it, you know, it was very wrong. So you think if a prisoner loses, it's a dismissal for failure to state a claim? Oh, no, not necessarily, Your Honor. If the district court does exactly what Judge Pryor said, for lack of proper venue at summary judgment, is it a dismissal for failure to state a claim? No. I understood the question to be the district court has said, I am dismissing for failure to state a claim because of some reason that doesn't actually satisfy that standard. Oh, I see. I get it. I misunderstood. I misunderstood. My fault. Thank you. I have one more question on the prejudice versus not question. I'm going to drag you back there, but it's only because I agree with you. So when Jones v. Bach has this discussion about this issue that we've talked about, doesn't it do so right after citing Rivera v. Allen, our case on failure to exhaust? Yes, it cites that case. It cites some other cases. I mean, one of the things that I'm not sure how relevant this is, but I'll just mention, Rivera v. Allen, you know, we're not defending that. But we also don't think that it necessarily conflicts with Jones. We just think it's not really supported by the text, right? Whether exhaustion is an affirmative defense or not doesn't really tell you whether it should categorically be a strike. I mean, even if, just assume for the moment, it was not an affirmative defense and it was a pleading requirement. Well, if you pleaded it, it's still not failure to state a claim if you ultimately just fail to prove it or something like that. So I don't think that Rivera v. Allen and Jones are necessarily at odds with one another. The reason we chose not to defend Rivera is more text-based than case-based. Thank you. Okay, thank you. We'll hear five minutes of rebuttal from Ms. Sinan. Thank you, Your Honors. I want to do three things with my rebuttal if I have time. The first is to sort of contextualize Judge Grant's question, which I think is maybe the only tough question in this case, which is that Jones v. Fox dicta. The second is to respond to this argument that the word only should have somehow been in the statute, notwithstanding that the word action is already in there. And the third is pushback against this notion that simply citing 1915a makes something a failure to exhaust. Can I start somewhere else? Sure. You ended with Bryant, and the time got cut off before I got to ask you about it. But in Bryant, in footnote 15, the Court is very careful to say Bryant is really long. It goes through how we are going to treat this for some sort of administrative management purposes as a 12b-4 and a 12b-2 and not a 12b-6. But then in footnote 15, it says, cases decided on the basis of no disputed facts about exhaustion are materially different from this case, presenting different questions for decision. That seems to foretell exactly the sort of what happened in Jones. It seems to be incorporating Jones, which suggests if it's on its face and there's no disputed fact at all, we treat it not as we're saying we should treat every other one of these, but we're going to treat it like we — like Jones tells us to, which is a 12b-6. Do you read that the same sort of way? I don't, only because this Court's subsequent opinion in Turner v. Burnham. Let's talk about Turner. So Turner, then, seems to distinguish between facial and factual challenges. They even cite the different standards for it. On a factual challenge, we're going to treat it as that step one, step two. But it but sees and takes separate facial challenges. In other words, where, like, for instance, in the jurisdictional context, where it's clear on the face, the Court doesn't need to find any facts. It takes as a given and then makes a jurisdictional decision. Isn't that what we're talking about here? And aren't those separate from sort of the fact-intensive inquiries of Turner and Bryant? So, Your Honor, I don't think so, but let me tell you why I really don't think you need to reach that question. So, I don't think so because I think the logic of Bryant, namely the things that cite, separable from the merits, have to do with judicial management and no action shall be brought. And the sort of step one inquiry in Turner, where you're looking to sort of the pleadings themselves, I think none of that is different if it's on the sort of face of the complaint. Now, the reason I don't think you need to reach that is, again, things are a little different. But except that Turner says step one is we take the motion to dismiss and the response, and then if there's no dispute, we can decide it. But, again, if you look at Turner, a facial challenge doesn't implicate that. A facial challenge is, on its face, it could be done under a 1915A. You don't even need to look at a motion to dismiss. You just look at the face of the complaint and does it or does it not state the affirmative defense or not. And that seems to be where we're at and why this doesn't seem to be implicated by those other cases that we've set out and that process we've set out. So, Your Honor, let me just situate us. Right? So we're only here. So, again, we think we run on Sterling. Even within Averitt County, we're only here if, one, you ignore that the dismissing court didn't say failure to state a claim, didn't say face of the complaint, didn't say any sort of word that the judge was thinking about it in those terms. And, you know, counsel said they sort of cited the statute, but as the D.C. Circuit notes in Thompson, you can cite that statute and still dismiss on jurisdiction or on a number of other grounds. We're only here, one, you ignore no express statement. Two, even looking behind that statement, you think it is on the face of the complaint when it's based on an answer to a question put by the district court. If you disagree with me on both of those points, then, yes, you have to reach the question of what happens when the dicta and Jones versus Bob question, right, which is face of the complaint dismissal. Is that a failure to state a claim if it's for exhaustion? And, again, we just submit that the logic of Bryan, which says it's based on the fact that this is totally separable from the merits because it's based on, as the Chief Judge has said, the fact that you can refile after exhaustion and because it goes to judicial management of the case, it's just not the kind of thing we think of as analogous to 12B6. It's more akin to a kind of venue or some other provision. Again, though, even within Averitt County, I think there's two bases on which we would include before you get to that question. But you can't always fix failure to exhaust. You would concede that point, correct? That's correct. You could have a complaint that says there were procedures in place, don't care, didn't want to try because I don't have to follow any procedures. In a circumstance like that, which, again, however far-fetched that may be, would we be in that Jones v. Bach language? Again, in this scenario, the district court has said failure to state a claim or has said, whatever, dismissal on the basis of the complaint or something like that, and we're not in a situation where there's a formal complaint that improperly put the pleading requirement on the plaintiff. In that situation, I think we are still – Bryant v. Rich would still say it doesn't go to the merits. It goes to judicial management of the case, and so it's not properly under the 12B6 umbrella. But, again, I think this is – You can never really know, though, from the face of the order, whether that's true or not, can we? Because it may – because every one of those dismissals is going to be without prejudice, and whether you could still go back and exhaust would depend on the outcome of another proceeding where you would go and attempt to do so. And it's not something that the court that dismisses for failure to exhaust would be able to adjudicate, is it? I think that's exactly right, and I think that's sort of the wisdom of the Bryant opinion. But, again, and I can see this is the closed question, the only closed question in this case. You only get there if you disagree with me on Sterling and you disagree with me on two other bases on HR. Counsel, can I – I'm sorry. Chief Judge, can I ask one question? One more. Thank you. I just don't see how you could – if the Chief Judge is right and what you're saying is right, then a failure to exhaust dismissal on the face, Rule 12, you know, stamped and signed with every word that is okay, how can we – how can you concede, as you do throughout the briefing, that to be sure in some rare cases a prisoner will affirmatively concede both administrative remedies are available and that he has not exhausted those remedies such that an affirmative defense of exhaustion appears on the face of the complaint? If that concession is true, that a dismissal will be okay, then how does that reconcile with an administrative exhaustion dismissal will always be a 12B2 or 4 or not a 12B6 and will never be – fall within the statute? So, Your Honor, I think it is right that there could be a concession on the face of the complaint. And, again, we don't – not to beat a dead horse, I don't think we have that here, right? No one has said face of the complaint. Miss the line. Let's get to the point. Apologies, Chief Judge. But I think what – so I agree that it could appear on the face of the complaint. The question Bryant deals with is how do you categorize that when it appears on the face of the complaint? And I take Bryant to hold that I think that because it's separable from the merits, it's still not a failure to state a claim notwithstanding what the Supreme Court spoke, which, again, was discussed kind of at length in the concurrence in Bryant and was rejected by the majority position. If there are no further questions, I urge this Court to reverse the district court's denial of informal proper status and allow us to resolve this case. Thank you very much. We're adjourned.